**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:23-cr-416 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| HEATHER RENEE FRENZ, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Now before the Court is the motion of defendant Heather Renee Frenz ("Frenz") for a compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 46 (Motion).) Appointed counsel filed a supplement (Doc. No. 49 (Supplement)), and plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 51 (Response).) For the reasons that follow, Frenz's motion for a compassionate release is denied.

## I. BACKGROUND

On July 26, 2024, the Court sentenced Frenz to a custody term of 97 months, following her guilty plea to three counts of possession of a controlled substance with intent to distribute. (Doc. No. 38 (Judgment); Minutes of Proceedings [non-document], 7/26/2024; Minutes of Proceeding [non-document], 4/4/2024.) The sentence was imposed in accordance with a binding Rule 11(c)(1)(C) plea agreement. (*See* Doc. No. 29 (Plea Agreement).) Frenz is serving her sentence at Alderson FPC and has an anticipated release date of June 8, 2031.[1]

[1] https://www.bop.gov/inmateloc (last visited 8/17/2026).

In the present motion, Frenz seeks a sentence reduction, arguing that her parents are no longer able to care for her three minor children, due to the recent decline in her father's health. (Doc. No. 49, at 2–3; Doc. No. 46-4 (Memorandum), at 4–5.) The government opposes early release, arguing that (1) Frenz has failed to demonstrate that she has exhausted her administrative remedies, (2) she has not established the existence of an extraordinary and compelling reason, and (3) the 18 U.S.C. § 3553(a) sentencing factors do not support a sentence reduction. (Doc. No. 51, at 7–12.)

## II. LAW AND DISCUSSION

### A. Governing Law

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

With respect to compassionate release motions under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1)

'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted).

The policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13 (as amended), describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

B. **Extraordinary and Compelling Reasons**

*1. Exhaustion*

At the outset, the government correctly observes that there is no evidence before the Court that Frenz has exhausted her administrative remedies. While Frenz maintains that she submitted a request for compassionate release to the warden on December 17, 2025 (*see* Doc. No. 46, at 3), she provides no documentation to substantiate this claim. Rather, according to the government, in December 2025, Frenz submitted a "cop out" letter to the warden of her facility, advising that she would be filing a compassionate release motion. (Doc. No. 51, at 7.) The government further

indicates that it has contacted BOP counsel and confirmed that Frenz has never submitted an administrative request for a compassionate release. (*Id*.) Frenz points to no evidence, or any legal authority, that would support a finding that Frenz's "cop-out" letter satisfied her exhaustion requirements under § 3582(c)(1)(A), or otherwise allowed the BOP an opportunity to act on her behalf.

As the party seeking a compassionate release, it is Frenz's burden to show that she is entitled to release, including that she has properly exhausted her administrative remedies. *See United States v. Williams*, 458 F. Supp. 3d 939, 943 (W.D. Tenn. 2020) ("The defendant bears the burden of showing he has exhausted his administrative remedies and is entitled to compassionate release." (citations omitted)). Further, the Sixth Circuit has explained that review by the BOP is not futile and that "[p]reventing prisoners from charging straight to federal court serves important purposes. It ensures that the prison administrators can prioritize the most urgent claims. And it ensures that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Alam*, 960 F.3d at 835. In the absence of evidence that Frenz has exhausted her administrative remedies, the Court must deny Frenz compassionate release for this reason alone. *Id.* at 834–35 (exhaustion requirement must be enforced when invoked).

*2. Family Circumstances*

But even if Frenz properly exhausted, she would still have to demonstrate that she was entitled to relief under the compassionate release statute (18 U.S.C. § 3581(c)(1)(A)) and the relevant BOP policy statement. The Court, therefore, turns to a consideration of whether Frenz has demonstrated the existence of extraordinary and compelling reasons identified in § 3582(c)(1)(A)(i), and discussed in detail in § 1B1.13(b), as amended.

Under U.S.S.G. § 1B1.13(b)(3)(A), the "death or incapacitation of the caregiver of the defendant's minor child" qualifies as an extraordinary and compelling reason for early release. According to Frenz, her father has been diagnosed with a number of medical conditions, including Acoustic Neuroma (HCC), COPD, abnormal auditory perception, chronic migraine, and occipital neuralgia. (Doc. No. 46-4, at 4; Doc. No. 46-5 (Medical Records), at 4; *see* Doc. No. 49, at 2–3.) Frenz maintains that her "father's health [has] begun to worsen with COP and nodes in his brain from Acoustic Neuroma." (Doc. No. 49, at 3 (citing Doc. No. 49-1 (Lisa Frenz Letter)).) According to Frenz, her "mother is unable to care for the children while also caring for her husband." (*Id.*)

While § 1B1.13(b)(3)(A) does not define "incapacitation," the BOP's Program Statement 5050.50 defines "incapacitation" to mean that "the family member caregiver suffered a serious injury (e.g., auto accident) or suffers from a serve illness (e.g., cancer) that renders the caregiver incapable of caring for the child." *United States v. Martin*, No. 4:18-cv-260, 2022 WL 2948834, at *2 & n.18 (N.D. Ohio July 26, 2022) (quoting Federal Bureau of Prisons, U.S. Dep't of Just., Bureau of Prisons, No. 5050.50, Program Statement 7-9 (2019)). Frenz has not alleged that either parent is incapacitated. And even though Frenz's father's medical records reveal that her father suffers from numerous medical conditions for which he receives regular treatment from medical providers, there is nothing in those records that would indicate that he is incapacitated or that he requires full-time care from Frenz's mother. (*See* Doc. No. 46-5.)

Moreover, the letter submitted by Frenz's mother, Lisa Frenz, also fails to demonstrate that she and her husband are incapable of caring for Frenz's children. In the letter, Lisa Frenz acknowledges that she and her husband regularly watch several of their 15 grandchildren throughout the day, and that they will continue to "do everything [they] can for [Frenz's] children while in [their] custody[.]" (Doc. No. 49-1.) And while she notes that her husband suffers from

daily headaches, is more susceptible to respiratory illness, and must now be screened every six months for nodes associated with his COPD, she does not indicate that his medical conditions require her full-time attention or that he cannot be exposed to children. (*Id.*) Instead, she recognizes that she and her husband cannot fill the "void" left by Frenz's absence from her children's lives, and that Frenz's release would permit Frenz to be a mother again and allow her (Lisa Frenz) to devote more time to her husband. (*Id.*) Though her sentiment is certainly understandable, it does not demonstrate incapacitation.

Frenz has failed to establish that her father's decline in health, though unfortunate, meets the requirements of § 1B1.13(b)(3)(A). Because Frenz has not demonstrated the existence of extraordinary and compelling reasons, she is not entitled to a sentence reduction for this additional reason.

**C. Section 3553(a) Sentencing Factors**

But even if Frenz had cleared the initial hurdle of establishing extraordinary and compelling reasons, a reduction of her prison term would not be appropriate in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a) and directing district courts to consider all relevant statutory factors). The nature and circumstances of Frenz's offenses are serious. Frenz was responsible for trafficking substantial quantities of methamphetamine, crack cocaine, fentanyl, fentanyl analogue, and buprenorphine in the Canton, Ohio area. (Doc. No. 36 (Presentence Investigation Report), at 4–5 ¶ 8; *see* Doc. No. 29, at 5–6 ¶ 16.) In particular, the parties agreed that Frenz was responsible for trafficking 741.546 grams of actual methamphetamine, 92.07 grams of fentanyl, and 111.55 grams of cocaine, which collectively translated to a converted drug weight for all three trafficking counts in the indictment of 15,083.405 kilograms. (Doc. No. 29, at 5–6 ¶ 16; Doc. No. 36, at 9–10 ¶ 37.)

At the time of Frenz's arrest, ATF agents also seized thousands of dollars in cash and two semi-automatic pistols (a Glock Model 42, 3.80 caliber and a FN Model FNS-9c, 9mm). (Doc. No. 36, at 7 ¶¶ 23–24, 29; *see* Doc. No. 29, at 7–8 ¶ 21.)

The seriousness of Frenz's conduct continues to warrant a significant prison term. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir 2010) ("To be sure, drug trafficking is a serious offense, that, in itself, poses a danger to the community." (citations omitted)).

The Court has considered Frenz's minimal criminal history, her prison programming (including obtaining a GED) and clean institutional disciplinary record, as well as her family circumstances, which include her father's health concerns, the needs of her minor children, and the employment opportunity she has upon her release. But after considering all the factors, the Court determines that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, and protect the public from further crimes of the defendant. Based on these same facts, the Court also finds that Frenz poses a danger to the community.

## III. CONCLUSION

For the foregoing reasons, the Court denies Frenz's motion, as supplemented, for a compassionate release.

**IT IS SO ORDERED**.

Dated: August 17, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**